IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

FILED
DEC 0 9 2005

| | |
|---|---|
| ASHTABULA COUNTY MEDICAL CENTER<br>2420 Lake Avenue<br>Ashtabula, Ohio 44004<br><br>THE COMMUNITY HOSPITAL<br>2615 East High Street<br>Springfield, Ohio 45505<br><br>AKRON GENERAL MEDICAL CENTER<br>400 Wabash Avenue<br>Akron, Ohio 44307<br><br>LIMA MEMORIAL HOSPITAL<br>1001 Bellefontaine Avenue<br>Lima, Ohio 45804<br><br>THE TOLEDO HOSPITAL<br>2142 North Cove Boulevard<br>Toledo, Ohio 43606<br><br>                Plaintiffs,<br><br>v.<br><br>MICHAEL O. LEAVITT, Secretary of the<br>United States Department of Health and<br>Human Services<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201<br><br>                Defendant. | CASE NUMBER 1:05CV02365<br>JUDGE: Richard W. Roberts<br>DECK TYPE: Administrative Agency Rev<br>DATE STAMP: 12/09/2005<br><br>**COMPLAINT** |

The above-named Plaintiffs ("Plaintiffs"), by and through their undersigned counsel, state the following in the form of this Complaint against Michael O. Leavitt, Secretary of the United States Department of Health and Human Services (the "Secretary"):

### I.    INTRODUCTION

1.    Plaintiffs consist of five not-for-profit hospitals in Ohio that participate in the Medicare and Medicaid programs. Plaintiffs challenge a decision of the Administrator of the

Centers for Medicare and Medicaid Services ("CMS") denying certain Medicare reimbursement to these hospitals under a Federal statute often referred to as the Disproportionate Share Statute, 42 U.S.C. § 1395ww(d)(5)(F) (the "DSH Statute"). Under the DSH Statute, the Secretary of DHHS is directed to make Medicare payments called disproportionate share payments to hospitals that serve "a significantly disproportionate number of low-income patients." See 42 U.S.C. § 1395ww(d)(5)(F). Under the DSH Statute, the DSH calculation must include all patient days for patients "eligible for medical assistance under a state plan approved under subchapter XIX" [of the Social Security Act]." In its decision dated October 11, 2005 (the "Decision"), the Administrator of CMS violated the Medicare DSH Statute by refusing to allow the plaintiffs in this case to include in the DSH calculation those patient days under Ohio's Hospital Care Assurance Program (the "Ohio HCAP Program"). The Ohio HCAP Program is part of Ohio's State plan approved under Title XIX of the Social Security Act, and under the Medicare DSH Statute, Ohio HCAP Program days must be included in the DSH calculation.

The Administrator's Decision, to the extent it precludes Medicare disproportionate share payments based on days attributable to Ohio's HCAP Program, contravenes the plain and unambiguous wording of the governing Medicare statute, is inconsistent with clear congressional intent, and is arbitrary, capricious, and otherwise contrary to law.

## II.   JURISDICTION AND VENUE

2.   This action arises under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 et seq. (the "Medicare Statute"), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 et seq.

3.   This Court has jurisdiction under 42 U.S.C. § 1395oo(f)(1).

4.      Pursuant to 42 U.S.C. § 1395oo(f)(1), venue for a group such as this is proper in the United States District Court for the District of Columbia.

### III.    PARTIES

5.      Plaintiffs are hospitals located in the State of Ohio that serve a disproportionate share of low-income patients.

6.      Plaintiff Ashtabula County Medical Center, 2420 Lake Avenue, Ashtabula, Ohio 44004, is a short term acute care hospital assigned Medicare provider number 36-0125.

7.      Plaintiff The Community Hospital, 2615 East High Street, Springfield, Ohio 45505, is a short term acute care hospital assigned Medicare provider number 36-0187.

8.      Plaintiff Akron General Medical Center, 400 Wabash Avenue, Akron, Ohio 44307, is a short term acute care hospital assigned Medicare provider number 36-0027.

9.      Plaintiff Lima Memorial Hospital, 1001 Bellefontaine Avenue, Lima 45804, is a short term acute care hospital assigned Medicare provider number 36-0009.

10.     Plaintiff The Toledo Hospital, 2142 North Cove Boulevard, Toledo, Ohio 43606, is a short term acute care hospital assigned Medicare provider number 36-0068.

11.     Defendant Michael O. Leavitt is the Secretary of the Department of Health and Human Services, the federal department responsible for the administration of the Medicare and the Medicaid programs.

### IV.    THE MEDICARE PROGRAM

12.     Congress enacted the Medicare Program (Title XVIII of the Social Security Act) in 1965. As originally enacted, Medicare was a public health insurance program that furnished health benefits to participating individuals once they reached the age of 65. Over the years, it

has been expanded to provide health benefits to qualifying disabled persons and to individuals suffering from end-stage renal disease.

13. Among the benefits covered by Medicare are hospital services. For cost reporting years beginning before October 1, 1983, the Medicare Program reimbursed hospital services on a "reasonable cost" basis. 42 U.S.C. § 1395f(b). Effective with cost reporting years beginning on or after October 1, 1983, Congress adopted a prospective payment system ("PPS") to reimburse most hospitals, including Plaintiffs, for inpatient operating costs. 42 U.S.C. § 1395ww(d). Under PPS, hospitals are paid a fixed amount for services rendered under approximately 490 diagnosis-related groups, subject to certain payment adjustments.

14. The Secretary has delegated much of the responsibility for administering the Medicare Program to CMS, formerly known as the Health Care Financing Administration (herein collectively referred to as "CMS"). The Secretary, through CMS, contracted out many of the audit and payment functions under Medicare to organizations known as "fiscal intermediaries."

15. At the close of a fiscal year, a provider of services must submit to its intermediary a "cost report" showing both the costs incurred by it during the fiscal year and the appropriate payments applicable to Medicare. The intermediary is required to audit the cost report and inform the provider of a final determination of the amount of Medicare reimbursement through a notice of program reimbursement ("NPR"). 42 C.F.R. § 405.1803.

16. A provider dissatisfied with its intermediary's determination may file an appeal with an administrative body called the Provider Reimbursement Review Board ("PRRB") within 180 days of the date of the NPR. 42 U.S.C. § 1395oo(a).

17. The decision of the PRRB is a final determination, unless the Secretary, through the Administrator of CMS, upon his or her own motion, and within 60 days after the provider is notified of the PRRB's decision, reverses, affirms or modifies the PRRB's decision. 42 U.S.C. § 1395oo(f).

18. A provider has the right to obtain judicial review of any final decision of the PRRB, or of any reversal, affirmance, or modification by the Secretary, by filing a civil action within 60 days of the date on which notice of any final decision by the PRRB or of any reversal, affirmance, or modification by the Secretary is received. 42 U.S.C. § 1395oo(f).

## V.    THE MEDICAID PROGRAM

19. Congress enacted the Medicaid Program (Title XIX of the Social Security Act) in 1965. Medicaid is a cooperative federal-state program that furnishes health care to persons who meet specified eligibility requirements, including low-income status.

20. States participating in the Medicaid Program have a substantial amount of discretion in selecting the benefits provided under its Medicaid program. 42 U.S.C. § 1396d. Nevertheless, all states must furnish certain minimum benefits under its Medicaid program, including inpatient hospital services. 42 U.S.C. § 1396(a)(10)(A), 1396(a)(1).

21. States also have some flexibility in establishing payment rates for hospital services under its Medicaid program. 42 U.S.C. § 1396(a)(13)(A).

22. States that participate in the Medicaid program are required to develop a state plan for delivery of medical assistance and submit it to the Secretary of DHHS for approval. 42 U.S.C. § 1396. This state plan, for which approval must be obtained from the Secretary under Title XIX of the Social Security Act, must comply with certain requirements of the Medicaid Statute set forth in 42 U.S.C. § 1396a.

23. The State of Ohio, at all relevant times referred to in this Complaint, had a valid Title XIX plan approved by the Secretary of DHHS.

## OHIO'S HCAP PROGRAM

24. Codified at Ohio Revised Code ("O.R.C.") § 5112 et seq. and Ohio Administrative Code ("O.A.C.") Rule 5101:2-07.17 et seq., the Ohio HCAP Program provides medical assistance to low-income Ohio patients. See O.R.C. § 5112.17.

25. Under the Ohio HCAP Program, Ohio hospitals are required to provide patient care to Ohio residents meeting certain low-income requirements. The Ohio HCAP Program provides a mechanism to pay for care to HCAP patients by compensating hospitals for the costs of providing such care. The Ohio HCAP Program is funded on both the Federal and State level, and for all years relevant to this Complaint, the Ohio HCAP Program has been included as part of the Ohio State plan approved by the Secretary of DHHS under Title XIX of the Federal Social Security Act.

## THE DISPROPORTIONATE SHARE ADJUSTMENT

26. When Congress enacted Medicare PPS in 1983, it authorized the Secretary to provide an adjustment to PPS payments for hospitals that served a disproportionate share of low-income patients. 42 U.S.C. § 1395ww(d)(5)(C)(i).

27. The Secretary delegated to CMS the authority to calculate and administer DSH adjustments as part of the PPS reimbursement system. CMS, in turn, delegates the responsibility to the fiscal intermediaries who notify hospitals of their DSH adjustments in the audited Medicare Cost Report.

{CMW1689.DOC;2}                                     6

28. The intermediaries calculate the DSH adjustment by adding two fractions known colloquially as the "Medicare Proxy" and the "Medicaid Proxy." 42 U.S.C. § 1395ww(d)(5)(F)(vi).

29. The Medicare Proxy, which is based on the number of low-income Medicare patients served by a given provider, is not at issue in this case. 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I).

30. The Medicaid Proxy accounts for all patient days not entitled to Medicare Part A benefits, but which are eligible for medical assistance under a State plan approved under Title XIX:

> The fraction (expressed as a percentage), the numerator of which is the number of such hospital's patient days for such period which consists of patients who (for such days) were eligible for medical assistance under a State plan approved under subchapter XIX of this chapter, but who were not entitled to benefits under Part A of this subchapter, and the denominator of which is the total number of the hospital's patient days for such period.

42 U.S.C. § 1395ww(d)(5)(F)(vi)(II).

31. The larger the number of patient days for patients who are "eligible for medical assistance under a State plan approved under subchapter XIX," the larger the DSH adjustment for the provider.

32. In computing Plaintiffs' Medicare DSH adjustments for the fiscal years identified in Exhibit A attached hereto, the Medicare intermediary, AdminaStar Federal, Inc., a member of the Blue Cross and Blue Shield Association (the "Intermediary"), disallowed Ohio HCAP Program days from the DSH calculation. The exclusion of these Title XIX days unlawfully reduced Plaintiffs' DSH adjustments.

33. For each of the years identified in Exhibit A, Plaintiffs filed timely appeals with the PRRB. In those appeals, Plaintiffs challenged the Intermediary's decision to

exclude Ohio HCAP Program days from the Medicaid Proxy of the DSH calculation. Plaintiffs sought a ruling from the PRRB that Ohio HCAP Program days should be included in the DSH calculation as patient days for patients who "were eligible for medical assistance under a State plan approved under subchapter XIX." See 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II).

34.     By letters dated July 20, 2004 and October 1, 2004, Plaintiffs, jointly with CMS, requested a hearing before the PRRB consolidating all appeals involving the five hospital Plaintiffs.

35.     On October 7, 2004, Plaintiffs and CMS appeared before the PRRB in a hearing to determine whether the Intermediary improperly excluded Ohio HCAP Program days from Plaintiffs' DSH calculations. The providers demonstrated that the Ohio HCAP Program is part of Ohio's State plan approved under Title XIX and, accordingly, such Ohio HCAP Program days should be included in the DSH calculation under 42 U.S.C. 1395ww(d)(5)(F)(vi)(II). The Intermediary argued that Ohio's HCAP program days should not be included under the Regulations which interpret the DSH Statute adopted by the Secretary of the DHHS.

36.     On August 10, 2005, the PRRB issued its decision, determining that the intermediary improperly excluded Ohio HCAP Program days from Plaintiffs' DSH calculations. The PRRB determined that Ohio's HCAP Program is part of Ohio's State plan approved under Title XIX. As such, Ohio HCAP Program days must be included in the DSH calculation under 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II). A copy of the PRRB's Decision is attached hereto at Exhibit B.

37. On October 11, 2005, the Administrator of CMS, on behalf of the Secretary, issued a Decision which reversed the decision of the PRRB. A copy of the Administrator's Decision is attached at Exhibit C.

38. This Complaint challenges the October 11, 2005 Decision of the Administrator of CMS. This Complaint has been timely filed within 60 days of the receipt of the Administrator's Decision. Thus, this case is ripe for judicial review, and the Court has jurisdiction over this case under U.S.C. § 1395oo(f)(1).

### COUNT I -- DECLARATORY JUDGMENT FOR VIOLATION OF THE MEDICARE STATUTE

39. Plaintiffs reallege and incorporate by reference paragraphs 1 through 38 as if fully set forth at length below.

40. An actual case or controversy exists under 28 U.S.C. § 2201, et seq. as to whether Ohio's HCAP Program days should be included in the DSH calculation. In particular, Plaintiffs assert that the October 11, 2005 Decision of the Administrator of CMS wrongfully and illegally interprets the Federal Disproportionate Share Statute.

41. Plaintiffs, therefore, seek a declaration of their rights and obligations under the Medicare DSH Statute with regard to reimbursement for Ohio HCAP Program days.

42. The Secretary's construction of 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II) (the Medicaid Proxy of the DSH calculation) is unlawful because it contravenes both the statute's plain meaning as well as its legislative history.

43. Under the Medicare Statute, so long as a patient is eligible for medical assistance under a State plan program approved under Title XIX of the Social Security

Act, patient days for such services must be counted in the Medicaid Proxy of the DSH calculation. See 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II).

44. The Ohio HCAP Program is part of the Ohio State plan approved under Title XIX. Ohio's HCAP Program days must be included in the DSH calculation under the Medicare DSH Statute.

45. CMS and the Secretary have conceded that the Ohio HCAP Program is part of the Ohio State plan approved under Title XIX.

46. Neither CMS nor the Secretary have offered a valid reason for excluding Ohio HCAP Program days from the DSH calculation.

47. The Secretary's current Regulations and policies of disallowing Ohio HCAP Program days from the DSH calculation violate the Medicare Statute and are unlawful.

48. The Secretary's disallowance of Ohio HCAP Program days conflicts with the legislative intent of Congress. The purpose of the DSH adjustment is to compensate hospitals for the additional cost of furnishing care to a disproportionate share of low income patients. The formula chosen by Congress for the DSH calculation uses a State's plan approved under Title XIX as a proxy to capture patient days for non-Medicare low-income patients.

49. The Intermediary wrongfully disallowed the inclusion of Ohio HCAP Program days from the DSH calculation for the cost report years that are subject to this Complaint.

50. The Medicare statute requires the Secretary, CMS, and the Intermediary to include Ohio HCAP Program days in the DSH calculation.

51. The Intermediary's disallowance of the Ohio HCAP Program days is a direct violation of the Medicare statute and is also arbitrary, capricious, unreasonable, and otherwise contrary to law.

### COUNT II -- CLAIM FOR VIOLATION OF THE MEDICARE DSH STATUTE, 42 U.S.C. § 1395ww(d)(5)(F)

52. Plaintiffs reallege and incorporate by reference paragraphs 1 through 51 as if fully set forth at length below.

53. Under the Medicare DSH Statute, so long as a patient is eligible for medical assistance under a State plan approved under Title XIX of the Social Security Act, patient days for such services must be counted in the Medicaid Proxy of the DSH calculation. See 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II).

54. The Ohio HCAP Program is part of the Ohio State plan approved under Title XIX. Ohio's HCAP Program days must be included in the DSH calculation under the Medicare DSH Statute.

55. CMS and the Secretary have conceded that the Ohio HCAP Program is part of the Ohio State plan approved under Title XIX.

56. Nevertheless, on October 11, 2005, the Administrator of CMS, on behalf of the Secretary, issued a Decision which reversed the decision of the PRRB and excluded Ohio HCAP Program days from the DSH calculation for Plaintiffs.

57. The October 11, 2005 Decision by the Administrator of CMS, on behalf of the Secretary, violates the Medicare DSH Statute by excluding Ohio HCAP Program days from the DSH calculation.

**WHEREFORE,** Plaintiffs request relief as follows:

(1)     A declaration by the Court that the Administrator's October 11, 2005 Decision violates 42 U.S.C. § 1395ww(d)(5)(F)(vi).

(2)     A declaration by the Court that the Secretary's Regulation, 42 C.F.R. 412.106(b)(4), is unlawful insofar as it excludes Ohio HCAP Program days from the DSH calculation, in contravention of the plain meaning of 42 U.S.C. § 1395ww(d)(5)(F)(vi);

(3)     A declaration by the Court that the Secretary's Regulation, 42 C.F.R. § 412.106(b)(4), to the extent it excludes Ohio HCAP Program days from the DSH calculation, is arbitrary, capricious, unreasonable, unlawful, and invalid;

(4)     An order requiring that the Secretary, within ninety days of receipt of Plaintiffs' documentation, (i) recalculate Plaintiffs' Medicare disproportionate patient percentage for the fiscal years in Exhibit A, based upon the foregoing and based upon information submitted by Plaintiffs with respect to all patient days for which a patient was eligible for medical assistance pursuant to a State plan approved under Title XIX, and (ii) pay to Plaintiffs the additional amounts due under the resulting DSH recalculation, plus interest in accordance with title 42 U.S.C. § 1395oo(f)(2).

(5)     A declaration that this Court shall retain jurisdiction in this matter until the Secretary's recalculation of Plaintiffs' Medicare DSH percentages and subsequent payment to Plaintiffs of the additional amounts due is complete, including the additional amounts based upon the inclusion of Ohio HCAP Program days.

(6)     An order requiring the Secretary to submit for the Court's approval instructions to the Plaintiffs' Medicare fiscal Intermediary for the recalculation of DSH adjustments in accordance with law;

(7)  Attorneys fees and costs of suit incurred by Plaintiffs as permitted by law; and

(8)  Such other relief as this Court deems just and appropriate.

Dated: December 8, 2005

Respectfully submitted,

*/s/ Mark F. H__*

**STEPTOE & JOHNSON LLP**
Mark F. Horning
District of Columbia Bar No. 203323
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: 202/429-3000
Facsimile: 202/429-3902

Of-Counsel
ALBERT J. LUCAS (Ohio Bar No. 0007676)
PETER A. ROSATO (Ohio Bar No. 0068026)
CALFEE, HALTER & GRISWOLD LLP
1100 Fifth Third Center
21 East State Street
Columbus, Ohio 43215
Tel: (614) 621-1500
Fax: (614) 621-0010
(*pro hac vice* to be submitted)

Attorneys for Plaintiffs