IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASHTABULA COUNTY MEDICAL CENTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL O. LEAVITT,<br>Secretary, United States Department of<br>Health and Human Services,<br><br>Defendant. | Case No. 1:05CV02365 (RWR) |

## ANSWER

Defendant, by and through its undersigned counsel, answers Plaintiffs' Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Answering specifically each paragraph of the Complaint, and using the same numbering contained in the Complaint, Defendant pleads as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence. The second sentence contains plaintiffs' characterizations of this action to which no response is deemed to be required. The third and fourth sentences contain conclusions of law and plaintiffs' characterizations of 42 U.S.C. § 1395ww(d)(5)(F), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary,

denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents. Denies the fifth sentence. The sixth sentence contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. Denies the seventh sentence.

2. This paragraph sets forth plaintiffs' legal conclusions to which no response is deemed to be required. Defendant admits that this action arises under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 et seq. ("the Medicare statute").

3. This paragraph sets forth plaintiffs' legal conclusions to which no response is deemed to be required. Defendant refers the Court to the cited statutory provision for a full and accurate statement of its contents, see 42 U.S.C. § 1395oo(f)(1).

4. Admits.

5. This paragraph sets forth plaintiffs' legal conclusions to which no response is deemed to be required. Defendant admits that plaintiffs are hospitals located in the State of Ohio.

6-11. Admits.

12. Admits the first sentence. The second and third sentences contain plaintiffs' characterizations of Title XVIII of the Social Security Act, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statute, to which the Court is referred for a full and accurate statement of its contents.

13. Admits the first sentence. The second and third sentences contain plaintiffs' characterizations of 42 U.S.C. § 1395f(b) and 42 U.S.C. § 1395ww(d), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to

admit the existence of the cited statutory provisions, to which Court is referred for a full and accurate statement of their contents. Denies the fourth sentence, except to admit that generally, under PPS, hospitals are paid predetermined amounts for each of approximately 490 diagnosis-related groups, subject to certain payment adjustments.

14. Admits.

15. This paragraph contains conclusions of law and plaintiffs' characterizations of 42 C.F.R. § 405.1803, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited regulation, to which the Court is referred for a full and accurate statement of its contents.

16. This paragraph contains conclusions of law and plaintiffs' characterizations of 42 U.S.C. § 1395oo(a), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

17-18. These paragraphs contain conclusions of law and plaintiffs' characterizations of 42 U.S.C. § 1395oo(f), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

19. Admits the first sentence. The second sentence contains conclusions of law and plaintiffs' characterizations of Title XIX of the Social Security Act, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statute, to which the Court is referred for a full and accurate statement of its contents.

3

20. This paragraph contains conclusions of law and plaintiffs' characterizations of the Medicaid statute, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of 42 U.S.C. § 1396d, to which the Court is referred for a full and accurate statement of its contents.

21. This paragraph contain conclusions of law and plaintiffs' characterizations of the Medicaid statute, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

22. This paragraph contains conclusions of law and plaintiffs' characterizations of 42 U.S.C. § 1396 and 42 U.S.C. § 1396a, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

23. This paragraph sets forth plaintiffs' legal conclusions to which no response is deemed to be required. Defendant admits that the State of Ohio, at relevant times referred to in the Complaint, had a State Plan approved by the Secretary under title XIX of the Social Security Act.

24. This paragraph contains conclusions of law and plaintiffs' characterizations of Ohio Revised Code ("O.R.C.") § 5112 et seq., Ohio Administrative Code Rule 5101:2-0717 et seq., and O.R.C. § 5112.17, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

25. This paragraph contains conclusions of law, not allegations of fact, and thus no

response is required; to the extent a response is deemed necessary, denies.

26. This paragraph contains conclusions of law and plaintiffs' characterizations of 42 U.S.C. § 1395ww(d)(5)(C)(i), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

27. Admits, except to aver that fiscal intermediaries notify hospitals of Medicare DSH adjustments in notices of amount of program reimbursement.

28. This paragraph contains plaintiffs' characterizations of 42 U.S.C. § 1395ww(d)(5)(F)(vi), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

29. This paragraph contains plaintiffs' characterizations of this action and of 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

30. This paragraph contains conclusions of law and plaintiffs' characterizations of 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

31. Admits that if a provider qualifies for a Medicare DSH adjustment, a larger number of patient days in the numerator of the Medicaid proxy can result in a larger DSH adjustment, but otherwise denies.

32. Responding to the allegations in the first sentence, admits that, in computing the Hospital's Medicare DSH adjustment for the fiscal years at issue in this case, the Medicare fiscal intermediary excluded the days at issue in this case from the numerator of the Medicaid proxy. Denies the second sentence.

33. The first sentence sets forth plaintiffs' legal conclusions to which no response is deemed to be required. The second and third sentences contain plaintiffs' characterizations of their administrative appeals, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

34. Denies.

35. Responding to the allegations in the first sentence, admits that the Provider Reimbursement Review Board ("PRRB") held a hearing on October 7, 2004. Denies the second sentence. Responding to the allegations in the third sentence, admits that, in accordance with the Medicare DSH statute and implementing regulations, the intermediary's position is that the days at issue in this case should not be included in the numerator of the Medicaid proxy of the Medicare DSH calculation.

36. Responding to the allegations in the first and second sentences, admits the existence of the referenced decision by the PRRB, to which the Court is referred for a full and accurate statement of its contents. See A.R. at 50-55. Denies the third sentence. Admits the fourth sentence.

37. Admits the existence of the referenced decision by the Administrator of CMS, to which the Court is referred for a full and accurate statement of its contents. See Certified Administrative Record ("A.R.") at 2-14.

38. The first sentence contains plaintiffs' characterizations of this action to which no response is deemed to be required. The second and third sentences contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of 42 U.S.C. § 1395oo(f)(1), to which the Court is referred for a full and accurate statement of its contents.

39. The Secretary hereby incorporates by reference Defendant's answers to paragraphs 1 through 38 of the Complaint, as if each answer were set forth in full.

40. This paragraph contains conclusions of law and plaintiffs' characterizations of this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

41. This paragraph contains plaintiffs' characterizations of this action to which no response is deemed to be required.

42. Denies.

43-45. These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II), to which the Court is referred for a full and accurate statement of its contents.

46-47. Denies.

48. Denies the first sentence. The second and third sentences contain conclusions of law and plaintiffs' characterizations of the statute, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

49. Denies.

50. This paragraph sets forth plaintiffs' legal conclusions to which no response is deemed to be required.

51. Denies.

52. The Secretary hereby incorporates by reference Defendant's answers to paragraphs 1 through 51 of the Complaint, as if each answer were set forth in full.

53-55. These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II), to which the Court is referred for a full and accurate statement of its contents.

56. Admits the existence of the referenced decision by the Administrator of CMS, to which the Court is referred for a full and accurate statement of its contents. See A.R. at 2-14.

57. Denies.

The Secretary specifically denies all allegations in plaintiffs' Complaint not otherwise answered or qualified herein. In addition, the Secretary denies that plaintiffs are entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.

Respectfully submitted,

/s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

/s/

PETER S. SMITH
Assistant United States Attorney
D.C. Bar No. 465131
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372/FAX: (202) 514-8780


DAVID HOSKINS
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
330 Independence Ave., S.W., Room 5309
Washington, D.C. 20201

Attorneys for Defendant,
Michael O. Leavitt,
Secretary of Health and Human Services