IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASHTABULA COUNTY MEDICAL CENTER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL O. LEAVITT, Secretary, United States Department of Health and Human Services,<br><br>Defendant. | CASE NO: 1:05CV-02365(RWR) |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

In accordance with Fed. R. Civ. P. 56, Plaintiffs respectfully move for summary judgment in their favor, on the grounds that there is no material issue in dispute and Plaintiffs are entitled to judgment as a matter of law.

As set forth in the attached Statement of Points and Authorities, the sole issue for this Court's determination is whether Ohio Hospital Care Assurance Program ("HCAP") days must be included in Plaintiffs' Disproportionate Share Calculation. Because the Ohio HCAP program is a plan of medical assistance approved under Title XIX of the Social Security Act, Ohio HCAP program days must be included in the DSH calculation under 42 U.S.C. § 1395ww(d)(5)(F). There is no dispute of fact, and plaintiffs are entitled to judgment as a matter of law.

Wherefore, Plaintiffs ask that their Motion be granted, and that the Court issue the following:

(1) A finding by the Court that the Medicare statute requires the inclusion of Ohio HCAP days in the DSH calculation;

(2) An order requiring that:

{KAV1988.DOC;8}

(a) The Secretary instruct the Fiscal Intermediary in Ohio that each of the Plaintiffs' cost reports at issue must be revised to include Ohio HCAP days in the Hospital's DSH calculation;

(b) The Secretary instruct the Fiscal Intermediary to make the additional DSH payment to each Plaintiff within 90 days of the Fiscal Intermediary's receipt of the required DSH documentation from the Plaintiffs;

(c) The payments to the Plaintiffs reflect all amounts to which the Plaintiffs are entitled under the Medicare DSH statute, which include Ohio HCAP days as part of the calculation; and

(d) The payments to the Plaintiffs include an award of interest pursuant to 42 U.S.C. § 1395oo(f)(2);

(3) A declaration that this Court shall retain jurisdiction in this matter until the Secretary's re-calculation of the Plaintiff's DSH percentages and subsequent payment to the Plaintiffs is complete;

(4) Attorneys fees and costs of suit incurred by the Plaintiffs as permitted by law; and

(5) Such other relief as this Court deems just and appropriate.

Respectfully submitted,

  */s/ Peter A. Rosato*
Albert J. Lucas (Ohio Bar No. 0007676)
Peter A. Rosato (Ohio Bar No. 0068026)
**CALFEE, HALTER & GRISWOLD LLP**
1100 Fifth Third Center
21 East State Street
Columbus, Ohio 43215-4228
Telephone: (614) 621-1500
Facsimile: (614) 621-0010
Alucas@calfee.com
Prosato@calfee.com

        Mark Horning (D.C. Bar No. 203323)
        John D. Clopper (D.C. Bar No. 483227)
        **STEPTOE & JOHNSON LLP**
        1330 Connecticut Ave., NW
        Washington, D.C. 20036
        Telephone (202) 429-3000
        Facsimile (202) 429-3902
        MHorning@steptoe.com
        JClopper@steptoe.com

Dated: May 31, 2006