IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASHTABULA COUNTY MEDICAL CENTER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL O. LEAVITT, Secretary, United States Department of Health and Human Services,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO: 1:05CV-02365(RWR) |

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS TO
WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7(h) and 56.1, the Plaintiffs, in support of their Motion for Summary Judgment, hereby set forth the following Statement of Facts as to which there is no genuine issue:

1. Under the Medicare Statute, hospitals that treat a disproportionately high number of low-income patients are entitled to receive an additional Medicare payment called a DSH adjustment. See 42 U.S.C. § 1395ww(d)(5)(F). Whether a hospital qualifies for the DSH Adjustment, and how large an adjustment it receives, depends upon the hospital's DSH percentage, which is defined as the sum of two fractions designed to act as proxies reflecting the number of low-income patients served. Id. at §1395ww(d)(5)(F)(vi). The first fraction, which is based on the number of low-income Medicare patients served by the hospital, is not at issue in this case. The second fraction includes all patients days not entitled to Medicare Part A benefits, but which are eligible for medical assistance under a State plan approved under Title XIX. It is this fraction which is at issue in this dispute. The second fraction is specifically calculated as follows:

The fraction (expressed as a percentage), the numerator of which is the number of such hospital's patient days for such period which consists of <u>patients who (for such days) were eligible for medical assistance under a State plan approved under subchapter XIX of this chapter</u>, but who were not entitled to benefits under part A of this subchapter [i.e., Medicare], and the denominator of which is the total number of the hospital's patient days for such period. See 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II) (emphasis added).

2. Codified at Ohio Revised Code ("O.R.C.") § 5112 et seq. and Ohio Administrative Code ("O.A.C.") Rule 5101:3-07.17 et seq., the Ohio HCAP is a program that provides medical assistance to low-income Ohio patients. See O.R.C. § 5112.17; see also Transcript of Proceedings ("Hearing Transcript") at 84-86 (R. 186-187), copy attached to Motion for Summary Judgment as Exhibit B; see also Excerpt of Ohio State Plan, copy attached as Exhibit C to Motion for Summary Judgment.

3. The HCAP Program provides medical assistance for patients who meet certain specified low-income requirements. See O.R.C. § 5112.08 et seq.; see also Hearing Transcript at 84-86 (R. 186-87), copy attached to Motion for Summary Judgment as Exhibit B.

4. For all years relevant to this appeal, the Ohio HCAP program has been included as part of the Ohio State Plan of medical assistance approved under Title XIX. See Hearing Exhibit 14[1]; see also Hearing Transcript at 88-89 (R. 187-88), copy attached to Motion for Summary Judgment as Exhibit B. Because it is part of the Ohio State Plan under Title XIX, the Ohio HCAP Program is funded on both the Federal and State level. See O.R.C. § 5112.18; see also Hearing Transcript at 87 (R. 187), copy attached as Exhibit B to Motion for Summary Judgment.

---

[1] Hearing Exhibit 14 contains documents demonstrating for each year since 1992 that the Ohio HCAP program has been part of the Ohio State Plan approved under Title XIX. This Exhibit was admitted into the administrative record below, but was omitted from the copy of the record submitted to this Court by the Secretary. At the Case Management Conference held in May, 2006, the Court instructed Defendant to supplement the record with Exhibit 14.

5. For the years at issue in their Complaint, the Plaintiffs participated in the HCAP Program and sought to include Ohio HCAP days in their respective DSH calculations. Notwithstanding the fact that the Ohio HCAP program is part of Ohio's State Plan approved under Title XIX (and consequently, Ohio HCAP days must be included in the DSH calculation), CMS, through the fiscal intermediary, excluded all HCAP patient days from the Hospitals' DSH calculations. See Ashtabula County Med. Ctr. v. BlueCross BlueShield Assoc., Decision 2005-D49 (August 10, 2005) (Record "R." 53), copy attached to Motion for Summary Judgment as Exhibit A.

6. Plaintiffs timely appealed the HCAP issue to the Provider Reimbursement Review Board ("PRRB"), the administrative body charged with deciding Medicare reimbursement appeals. Id. The PRRB unanimously concluded that the Federal DSH statute, codified at 42 U.S.C. § 1395ww(d)(5)(F), required that Ohio HCAP days be included in the DSH calculation. The PRRB succinctly stated that the "language [was] clear and unambiguous and ... that the federal DSH statute does not limit the patients covered to Medicaid patients only, but that it includes patients who qualify for 'medical assistance' under Ohio's HCAP State Plan that is approved under Title XIX." "HCAP patient days should, therefore, be included in the calculation of the Medicaid proxy to determine the Providers' DSH adjustments." Ashtabula County Med. Ctr. v. BlueCross BlueShield Assoc., Decision 2005-D49 (August 10, 2005) (Record "R." 53), copy attached to Motion for Summary Judgment as Exhibit A.

7. The Secretary of the Department of Health and Human Services ("HHS"), through the Administrator of the Centers for Medicare and Medicaid Services ("CMS"), reversed the PRRB in this matter. See Ashtabula County Med. Ctr. v. BlueCross BlueShield Assoc.,

CMS Administrator Division, October 12, 2005 (R. 13), copy attached as Exhibit E to the Motion for Summary Judgment.

    Respectfully submitted,

    */s/ Peter A. Rosato*
    Albert J. Lucas (Ohio Bar No. 0007676)
    Peter A. Rosato (Ohio Bar No. 0068026)
    **CALFEE, HALTER & GRISWOLD LLP**
    1100 Fifth Third Center
    21 East State Street
    Columbus, Ohio 43215-4228
    Telephone: (614) 621-1500
    Facsimile: (614) 621-0010
    Alucas@calfee.com
    Prosato@calfee.com

    Mark Horning (D.C. Bar No. 203323)
    John D. Clopper (D.C. Bar No. 483227)
    **STEPTOE & JOHNSON LLP**
    1330 Connecticut Ave., NW
    Washington, D.C. 20036
    Telephone (202) 429-3000
    Facsimile (202) 429-3902
    MHorning@steptoe.com
    JClopper@steptoe.com

Dated: May 31, 2006