IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ASHTABULA COUNTY MEDICAL CENTER, et al.<br><br>        Plaintiffs,<br><br>   v.<br><br>MICHAEL O. LEAVITT,<br>Secretary, United States Department of<br>Health and Human Services,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:05CV02365 (RWR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S STATEMENT OF FACTS TO WHICH THERE IS NO GENUINE ISSUES

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rules 7(h) and 56.1, Defendant, Michael O. Leavitt, Secretary of the United States Department of Health and Human Services, hereby sets forth the following Statement of Facts as to which there is no genuine issue:

1. Plaintiffs are five hospitals located in the State of Ohio, each of which seeks additional Medicare payment for hospital inpatient services furnished during individual hospital cost years. Complaint ¶ 1; Certified Administrative Record ("A.R.") at 15. In determining the amount of Medicare payment for plaintiff hospitals for the fiscal years at issue in this case, the fiscal intermediary did not count, in the numerator of the Medicaid fraction of the Medicare DSH calculation, patient days of patients who received charity care from plaintiffs (pursuant to HCAP) but who are not eligible for Medicaid.

2. For the time period at issue in this case, the State of Ohio had a State plan for

medical assistance approved by the Secretary under Title XIX of the Social Security Act. Complaint ¶ 23; Answer ¶ 23.  Under the terms of the State plan, Ohio makes an additional payment to hospitals that serve a disproportionate share of patients with special needs.  42 U.S.C. § 1396a(a)(13)(A); 42 U.S.C. § 1396r-4.  The Ohio State plan refers to this system as the Hospital Care Assurance Program ("HCAP").  A.R. at 12.

       3.      Section 5112.17(B) of the Ohio Revised State code explicitly states that hospitals receiving Medicaid DSH payments must provide a minimal amount of care free of charge to patients who "are not recipients of the medical assistance program, and whose income is at or below the federal poverty guidelines."  Id.  Section 5111.01 of the Ohio Revised State Code defines "medical assistance program" or "medicaid" as "the program that is authorized by this chapter and provided by the department of job and family services under this chapter, Title XIX of the 'Social Security Act,' 79 Stat 286 (1965), 42 U.S.C.A. § 1396, as amended, and the waivers of Title XIX requirements granted to the department by the health care financing administration of the United States department of health and human services."  Plaintiffs acknowledge that beneficiaries of HCAP are not eligible for "traditional" Medicaid (to use plaintiffs' terminology).  See, e.g., A.R. at 17.

       4.      Plaintiffs filed cost reports for each of the individual cost reporting periods at issue in this case, and the fiscal intermediaries issued NPRs for each of the cost reports.  A.R. at 1707-1873.  For the appeals in this case, the PRRB found in favor of plaintiffs.  A.R. at 50-55. The CMS Administrator subsequently reversed.  A.R. at 2-14.  The CMS Administrator found that the Secretary had reasonably interpreted the phrase "eligible for medical assistance under a State plan approved under [Title XIX]" to have the same meaning in 42 U.S.C.

§ 1395ww(d)(5)(F)(vi)(II) as it does in Title XIX.  A.R. 12-13.  The CMS Administrator further found that the individuals at issue in this case were not eligible for medical assistance under the Ohio state plan.  Id. (stating in part, "A review of the case shows that the days at issue are related to individuals that are specifically identified as not eligible for medical assistance under an approved Title XIX State plan.").  Id.  Plaintiffs subsequently filed the instant appeal.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058


/s/
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-7220 / FAX: (202) 514-8780


DAVID HOSKINS
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
330 Independence Ave., S.W., Room 5309
Washington, D.C. 20201

Attorneys for Defendant,
Michael O. Leavitt,
Secretary of Health and Human Services