IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASHTABULA COUNTY MEDICAL CENTER, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MICHAEL O. LEAVITT, Secretary, United States Department of Health and Human Services, | ) ) ) ) ) |
| Defendant. | ) ) ) |

Case No. 1:05CV02365 (RWR)

**DEFENDANT'S CONCISE STATEMENT OF GENUINE ISSUES**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rules 7(h) and 56.1, Defendant, Michael O. Leavitt, Secretary of the United States Department of Health and Human Services, hereby responds to Plaintiffs' Statement of Material Facts As To Which There Is No Genuine Dispute ("SMF").

Defendant is filing a motion for summary judgment in this action on the grounds that there are no material facts in dispute and that defendant is entitled to judgment as a matter of law. Defendant disagrees with certain statements in Plaintiffs' SMF because they contain legal conclusions and mischaracterizations; to the extent that the parties disagree as to the facts underlying the present action, those disputed facts are not material. There are no triable issues of fact. Nevertheless, responding specifically to the numbered paragraphs of Plaintiffs' SMF and using the same numbering, Defendant responds as follows:

1. This paragraph contains conclusions of law, Plaintiffs' characterizations of the Medicare statute, and Plaintiffs' characterization of this action. Defendant does not dispute the

existence of the cited statutory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents.  See 42 U.S.C. §§ 1395ww(d)(5)(F), (F)(vi), (F)(vi)(II).

2-4.  These paragraphs contain Plaintiffs' legal conclusions and mischaracterizations of the State of Ohio's Hospital Care Assurance Program ("HCAP"), not undisputed material facts.  Defendant disputes Plaintiffs' contentions that the patient days at issue in this case are attributable to patients eligible for medical assistance under a State plan approved under Title XIX of the Social Security Act.

5.  The first sentence is uncontested.  Responding to the contentions in the second sentence, Defendant does not dispute that the fiscal intermediary excluded the days at issue in this case from the numerator of the Medicaid fraction of the Medicare DSH calculation; the remainder of the second sentence contains conclusions of law, not undisputed facts.  Defendant disputes Plaintiffs' contentions that the patient days at issue in this case are attributable to patients eligible for medical assistance under a State plan approved under Title XIX of the Social Security Act (and therefore must be included in the numerator of the Medicaid fraction of the Medicare DSH calculation).

6.  The first sentence is uncontested.  The remainder of this paragraph contains Plaintiffs' characterizations of a decision of the Provider Reimbursement Review Board; Defendant does not dispute the existence of the decision, to which the Court is respectfully referred for a full and accurate statement of its contents.  See Certified Administrative Record at 50-55.

7.  Uncontested.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058


_____/s/_____
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220 / FAX: (202) 514-8780


_____
DAVID HOSKINS
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
330 Independence Ave., S.W., Room 5309
Washington, D.C. 20201

Attorneys for Defendant,
Michael O. Leavitt,
Secretary of Health and Human Services