IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASHTABULA COUNTY MEDICAL CENTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL O. LEAVITT, Secretary, United States Department of Health and Human Services,<br><br>Defendant. | )<br>)  CASE NO: 1:05CV-02365(RWR)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' CONCISE STATEMENT OF GENUINE ISSUES**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7(h) and 56.1, the Plaintiffs, in support of their Motion for Summary Judgment and in opposition to the Motion for Summary Judgment filed by Defendant, hereby respond to Defendant's Statement of Facts to Which There Is No Genuine Issues ("Statement of Facts").

Plaintiff has filed a Motion for Summary Judgment in this action on the grounds that there are no material facts in dispute and that Plaintiffs are entitled to judgment as a matter of law. Plaintiffs disagree with certain statements in Defendant's Statement of Facts because they contain legal conclusions and mischaracterizations. To the extent the parties disagree as to the facts underlying the present action, those disputed facts are not material, and Plaintiffs concur with Defendant's assertion that there are no triable issues of fact.

1. Paragraph 1 of the Statement of Facts contains Defendant's characterizations of the Medicare statute and his characterizations of this action. Plaintiffs dispute Defendant's characterization of the numerator of the DSH calculation as the "Medicaid fraction" to the extent this phrase suggests that only traditional Medicaid days may be included in the numerator of the

DSH calculation. Plaintiffs contend that all programs of medical assistance included in the Ohio State Plan, including the Hospital Care Assurance Program ("HCAP") and Medicaid must be included in the numerator of the DSH statute.

2. Paragraphs 2 and 3 of the Statement of Facts contain Defendant's legal conclusions and mischaracterizations of the State of Ohio's HCAP program. Plaintiffs dispute Defendant's characterizations of the HCAP program because, although Defendant concedes that HCAP is part of the Ohio State plan, Defendant contends that HCAP is not a program of medical assistance. HCAP is a program that provides medical assistance to low-income Ohio patients. See O.R.C. § 5112.17; see also Transcript of Proceedings ("Hearing Transcript") at 84-86 (R. 186-187), copy attached to Motion for Summary Judgment ("MSJ") as Exhibit B; see also Excerpt of Ohio State Plan (MSJ Exhibit C). It provides medical assistance for patients who meet certain specified low-income requirements. See O.R.C. § 5112.08 et seq.; see also Hearing Transcript at 84-86 (R. 186-87) (MSJ Exhibit B).

3. Paragraph 4 of the Statement of Facts summarizes the decision made by the CMS Administrator to reverse the PRRB's determination in this matter. The Defendant fails to mention that the CMS Administrator adopted the Secretary's interpretation of the DSH Statute as reasonable even though the Administrator did not conclude that the DSH statute was ambiguous.

Respectfully submitted,


     */s/ Peter A. Rosato*
Albert J. Lucas (Ohio Bar No. 0007676)
Peter A. Rosato (Ohio Bar No. 0068026)
Karen A. Visocan (Ohio Bar No. 0062378)
**CALFEE, HALTER & GRISWOLD LLP**
1100 Fifth Third Center
21 East State Street
Columbus, Ohio  43215-4228
Telephone: (614) 621-1500
Facsimile: (614) 621-0010
Alucas@calfee.com
Prosato@calfee.com
Kvisocan@calfee.com


Mark Horning (D.C. Bar No. 203323)
John D. Clopper (D.C. Bar No. 483227)
**STEPTOE & JOHNSON LLP**
1330 Connecticut Ave., NW
Washington, D.C. 20036
Telephone (202) 429-3000
Facsimile (202) 429-3902
MHorning@steptoe.com
JClopper@steptoe.com

Counsel for Plaintiffs


Dated: August 8, 2006

3